IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIK LEE PIERCE

              Plaintiff,              CV-06-1715-ST

      v.                                  OPINION AND ORDER

CITY OF SALEM d/b/a WILLAMETTE
VALLEY COMMUNICATIONS CENTER,
MARION COUNTY, GRANT ZAITZ and
JEFFREY GOODMAN,

              Defendants.

STEWART, Magistrate Judge:

In connection with the pending cross-motions for summary judgment, the parties have filed motions to strike certain supporting evidence (dockets #61 and #67). These motions are addressed below:

///

///

///

1 - OPINION AND ORDER

I.      **Zaitz's and Goodman's Motion to Strike (docket #61)**

    A.      **Motion No. 1**

Defendants Zaitz and Goodman seek to strike Exhibit J to the Declaration of David Park. Exhibit J consists of excerpts from the Oregon Department of Public Safety Standards and Training ("DPSST") Basic Academy Course on Use of Force as it was being taught in 2005. Such training materials may be relevant as to whether a use of force is objectively reasonable. *Smith v. Hemet*, 394 F3d 689, 703 (9th Cir 2005) (a "rational jury could rely" on [expert testimony referring to the Chief of Police General Orders] in assessing whether the officers' use of force was unreasonable"); *Drummond v. City of Anaheim*, 343 F3d 1052, 1059 (9th Cir 2003) ("Although such training materials are not dispositive, we may certainly consider a police department's own guidelines when evaluating whether a particular use of force is constitutionally unreasonable.").

However, plaintiff has failed to draw a connection between the DPSST training materials taught to cadets at the police academy in 2005 and Officers Zaitz and Goodman who worked as police officers for the City of Keizer in 2005. There is no evidence that the DPSST use of force training materials applied to Officers Zaitz and Goodman. It is unknown whether they attended the police academy, or if they did, what use of force training materials DPSST used at those time. Absent such evidence, the motion to strike is granted as to Exhibit J.

    B.      **Motion No. 2**

Defendants Zaitz and Goodman also seek to strike Exhibit K to the Declaration of David Park. Exhibit K consists of excerpts from the Keizer Police Department Training, Taser Version 13, Power Point Program.

2 - OPINION AND ORDER

Because plaintiff has limited the scope of his claims, Exhibit K applies only to Officer Goodman. Defendants contend that Exhibit K provides flexible guidelines, does not preclude certain conduct, and applies only to the officer using the taser. Officer Goodman did not actually deploy the taser on plaintiff. However, plaintiff contends that Officer Goodman is personally liable for participating in and asserting direction over Officers Zaitz and Fletcher who actually used the taser on plaintiff. He not only directed the use of the taser on plaintiff, but also failed to direct Officer Fletcher to stop tasing plaintiff. In that regard, Exhibit K is relevant because it describes both when and how a taser should be used. Unlike Exhibit J, there is no dispute as to its applicability to Officer Goodman. Therefore, the motion to strike is denied as to Exhibit K.

## II.     Plaintiff's Objections (docket #67)

Plaintiff objects to certain evidence submitted by defendant Marion County in response to plaintiff's motion for partial summary judgment. This motion is denied for the following reasons:

### A.     Defendant's Response, Section A

First, plaintiff objects to certain deposition excerpts of the Marion County Correctional Facility ("MCCF") staff, referred to in Section A of Marion County's response brief, as irrelevant to the issue of providing notice to disabled individuals about their rights under the law as required by the ADA. However, Marion County submits this evidence to show how MCCF staff gives notice of accommodations to disabled individuals by communicating with them to determine their specific needs. The deposition excerpts are admissible for that purpose. Whether this communication provides adequate notice to disabled individuals under the ADA is the disputed issue.

Second, plaintiff objects to any reference to his previous incarceration in Arkansas as it pertains to Marion County providing notice of available accommodations. However, this evidence is relevant to determining whether Marion County complied with the ADA in the accommodation process. Because Marion County contends that the process is interactive, plaintiff's past experience with requesting and receiving accommodations informs how he engaged in the interactive process. This evidence is offered to show that plaintiff was aware of the basic operations of correctional institutions and supports the inference that he knew that he could and should communicate his needs for accommodation.

Plaintiff also contends that evidence of his previous incarceration should be excluded under FRE 403 as unduly prejudicial. This court concludes that the relevance of this evidence is not substantially outweighed by its alleged prejudicial effect.

### B.   Defendant's Response, Section B

Plaintiff objects to Marion County's reference in Section B of its Response to a statement from Dr. Sukow which is not included in the Declaration of Sarah Lapham. Marion County explains that it accidentally misidentified Dr. Rexin as Dr. Sukow.

Plaintiff also objects to the medical records attached to the Declaration of Sarah Lapham as lacking a foundation. However, Ms. Lapham is the Nursing Supervisor and custodian of records for the medical unit and has certified to the accuracy and authenticity of such records, making them admissible under FRE 803(6) and 901 (b)(1) and (7). Additionally, plaintiff objects to his communications with a doctor as inadmissible hearsay. However, Marion County is not offering this testimony for its truth, but rather to establish that the conversation in fact occurred and the parties to the conversation understood one another. It is admissible for that

4 - OPINION AND ORDER

purpose.

Plaintiff objects to his deposition testimony regarding his mental illnesses as to whether he could have effectively communicated that information to jail staff.[1] This objection is not well-taken since plaintiff's knowledge of his mental health diagnoses is relevant as to whether he effectively communicated this information to MCCF staff.

Again plaintiff objects to any reference to his previous incarceration in Arkansas with respect to whether effective communication was established between him and MCCF staff. This evidence is relevant because it challenges his claim that he was unable to effectively communicate with MCCF staff and that he was confused, angry and fearful from being placed in a correctional facility.

## ORDER

For the reasons set forth above, Defendants Zaitz's and Goodman's Motion to Strike Evidence in Support of Plaintiff's Response to Motion for Summary Judgment (docket #61) is GRANTED as to Exhibit J and DENIED as to Exhibit K, and Plaintiff's Objection to Evidence Submitted by Defendant Marion County (docket #67) is DENIED.

Dated this 8th day of July, 2008.

/s Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

---

[1] Several pages of plaintiff's deposition were inadvertently omitted from the Affidavit of Kirstin Lurtz, but are attached to Marion County's Response to Plaintiff's Objections to Evidence Submitted in Response to Plaintiff's Motion for Partial Summary Judgment (docket # 68). Therefore, this court will consider these additional pages.