JANE ELLEN STONECIPHER, OSB #77362
Marion County Legal Counsel
jstonecipher@co.marion.or.us
KIRSTIN E. LURTZ, OSB #97077
Sr. Assistant Legal Counsel
kelurtz@co.marion.or.us
555 Court Street N.E.
P.O. Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorneys for Defendant Marion County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERIK PIERCE, | Civil No. 06-CV-1715-KI |
| Plaintiff, | |
| v. | **DEFENDANT MARION COUNTY'S PROPOSED JURY INSTRUCTIONS** |
| CITY OF SALEM, conducting business as WILLAMETTE VALLEY COMMUNICATIONS CENTER, MARION COUNTY, GRANT ZAITZ, and JEFFREY GOODMAN, | |
| Defendants. | |

Defendant requests the Court give the following attached jury instructions.

Defendant respectfully requests the right to submit additional instructions during the course of trial in response to issues that may arise during trial.

DATED this 14th day of September, 2009.

                                             /s/ Kirstin E. Lurtz
                                             Kirstin E. Lurtz, OSB #97077
                                             Sr. Assistant Legal Counsel
                                             Of Attorneys for Defendant Marion County

# INDEX OF DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Special Jury Instructions
No. 1, Disability Discrimination - Failure to Accommodate
No. 2, Disability Discrimination - Intentional Discrimination
No. 3, Disability Discrimination - Disparate Treatment
No. 4, Negligence

## Defendant's Special Jury Instruction No. 1

To prove a disability discrimination claim under a "failure to accommodate" theory, Plaintiff must prove all of the following elements by a preponderance of the evidence:

1. Plaintiff is a qualified individual with a disability;
2. He was excluded from equal participation in or denied the benefits of the Marion County Corrections Facility's services, programs or activities;
3. By Marion County; and
4. Such exclusion or denial of benefits was due to the failure of Marion County to make reasonable accommodations to the known physical limitations (i.e., deafness) of Plaintiff.

A reasonable accommodation is one that allows a disabled individual to equally participate in or derive benefits from the services provided bu a public entity. Accommodations must be made by public entities like Marion County only when the modifications are necessary to avoid discrimination on the basis of disability.

Defendant Marion County has asserted that the accommodations offered by the Marion County Corrections Facility to Plaintiff were reasonable, which in this case means that Plaintiff was able to effectively communicate with Marion County staff. The law does not require that a specific type of accommodation be made to a deaf individual. Plaintiff must prove that the accommodations offered were unreasonable and did not allow him to equally participate in or derive benefits from the services provided by the Marion County Corrections Facility because he could not effectively communicate with Marion County staff.

"Effective communication" does not have a precise definition. The ADA requires public entities like Marion County to take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others. You must determine whether Plaintiff objectively had sufficient communication with Marion County Corrections Facility staff so as to have understood what was occurring and to be able to participate in the services provided, as much as a similarly-situated hearing person could have. You are not to focus or base your decision on whether Plaintiff or Marion County staff subjectively believed that effective communication took place, but rather on whether effective communication actually took place as you can best determine from an examination of all of the evidence presented.

If you find that Plaintiff has proved each of these elements, your verdict on the failure to accommodate claim should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendant Marion County.

Weinrich v. Los Angeles County Metro. Transportation Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).
Alexander v. Choate, 469 U.S. 287, 301 (1985).
Memmer v. Marin County Courts, 169 F.3d 630, 633-34 (9th Cir. 1999).
Borngesser v. Jersey Shore Medical Center, 774 A.2d 615, 624 (N.J. Super. Ct. 2001).
42 USC §12112(b)(5)(A).
28 CFR §35.130(b)(7).
28 CFR §35.160(a).
28 CFR §35.160(b)(2).

## Defendant's Special Jury Instruction No. 2

To prove a disability discrimination claim under a "intentional discrimination" theory, Plaintiff must prove all of the following elements by a preponderance of the evidence:

1. Plaintiff is a qualified individual with a disability;
2. Marion County staff intentionally excluded Plaintiff from participation in or denied him the benefits of the Marion County Corrections Facility's services, programs or activities;
3. Due to Plaintiff's disability;
4. Knowing that such exclusion from participation or denial of benefits would be a violation of Plaintiff's rights under federal law.

If you find that Plaintiff has proved each of these elements, your verdict on the intentional discrimination claim should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendant Marion County.

---

Weinrich v. Los Angeles County Metro. Transportation Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).
Duvall v. County of Kitsap, 260 F.3d 1124, 1139 (2001).

Defendant's Special Jury Instruction No. 3

To prove a disability discrimination claim under a "disparate treatment" theory, Plaintiff must prove all of the following elements by a preponderance of the evidence:

1. Plaintiff is a qualified individual with a disability;
2. He was effectively excluded from participation in or denied the benefits of the Marion County Corrections Facility's services, programs or activities;
3. By Marion County; and
4. Such exclusion or denial of benefits was because of Plaintiff's disability.

If you find that Plaintiff has proved each of these elements, your verdict on the disparate treatment claim should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendant Marion County.

---

Weinrich v. Los Angeles County Metro. Transportation Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997).

Defendant's Special Jury Instruction No. 4

To prove his negligence claim, Plaintiff must prove all of the following elements by a preponderance of the evidence:

1. The conduct of the staff at the Marion County Corrections Facility caused a foreseeable risk of harm;
2. To an interest of Plaintiff's that is protected by law; and
3. The staff's conduct was unreasonable in light of the risk; and
4. The staff's conduct was the cause of Plaintiff's harm; and
5. Plaintiff was within the class of persons and his injury was within the general type of potential injuries that made the staff's conduct negligent.

If you find that Plaintiff has proved each of these elements, your verdict on the negligence claim should be for Plaintiff. If, on the other hand, Plaintiff has failed to prove any of these elements, your verdict should be for Defendant Marion County.

---

Slogowski v. Lyness, 324 Or. 436, 441 (1996).

CERTIFICATE OF MAILING

I hereby certify that I served the foregoing Defendant Marion County's Proposed Jury Instructions on the following person(s):

>Dennis Steinman
>Kell, Alterman & Runstein, LLP
>520 SW Yamhill, Suite 600
>Portland, OR 97204
>>Of Attorneys for Plaintiff

>David D. Park
>Elliott & Park
>Attorneys at Law
>Abernethy House
>0324 SW Abernethy St.
>Portland, OR 97239-4356
>>Of Attorneys for Plaintiff

>Ken S. Montoya
>Assistant City Attorney
>City of Salem
>555 Liberty Street S.E., Rm. 205
>Salem, OR 97301
>>Of Attorneys for Defendant City of Salem

>Steven A. Kraemer
>Hoffman Hart & Wagner LLP
>Suite 2000
>1000 SW Broadway
>Portland, OR 97205
>>Of Attorneys for Defendant Zaitz and Goodman

by mailing to these persons a true copy, certified by me as such, thereof. I further certify that the copies were placed in sealed envelopes, addressed as noted above, and were deposited in the United States Mail at Salem, Oregon, on the 14th day of September, 2009.

>/s/ Kirstin E. Lurtz
>Kirstin E. Lurtz
>Sr. Assistant Legal Counsel
>Of Attorneys for Defendant Marion County