**Steven A. Kraemer**, OSB No. 882476
E-mail:		sak@hhw.com
**Kari A. Furnanz**, OSB #962920
E-mail:		kaf@hhw.com
HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

<u>Of Attorneys for Defendants Grant Zaitz and Jeffrey Goodman</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIK LEE PIERCE

  Plaintiffs,

v.

CITY OF SALEM, d/b/a WILLAMETTE VALLEY COMMUNICATIONS CENTER, MARION COUNTY, GRANT ZAITZ and JEFFREY GOODMAN,

  Defendants.

No. CV06-1715 KI

DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

  Defendants Grant Zaitz and Jeffrey Goodman respectfully request the Court give the following instructions, in addition to the standard instructions given in a civil case.  Defendants reserve the right to modify, supplement, or withdraw these instructions based upon the evidence at trial.

  Respectfully submitted this 15th day of September, 2009.

            HOFFMAN HART & WAGNER, LLP

        By: <u>/s/ Steven A. Kraemer</u>
          Steven A. Kraemer, OSB No. 882476
          Kari A. Furnanz, OSB #962920
          Of Attorneys for  Defendants Grant Zaitz
          and Jeffrey Goodman

Page - 1 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

## DEFENDANTS ZAITZ AND GOODMAN'S
## REQUESTED JURY INSTRUCTION

1. **Credibility of Witnesses**
   Ninth Circuit Civil Jury Instruction No. 1.11 (2007).

2. **Burden of Poof—Preponderance of the Evidence**
   Ninth Circuit Civil Jury Instruction No. 1.3 (modified) (2007).

3. **Burden of Proof - Preponderance of the Evidence**
   Ninth Circuit Model Civil Jury Instructions, No. 5.1 (2007).

4. **42 U.S.C. § 1983**
   Ninth Circuit Model Civil Jury Instructions, No. 9.1 (modified); 42 U.S.C. § 1983 (modified).

5. **Section 1983 Claim Against Defendants Goodman and Zaitz in Individual Capacity—Elements and Burden of Proof**
   Ninth Circuit Civil Jury Instruction No. 9.2 (2007).

6. **Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof**
   Ninth Circuit Civil Jury Instruction No. 9.3 (2007) (modified).

7. **Excessive (Deadly and Nondeadly) Force**
   Ninth Circuit Civil Jury Instruction No. 9.22 (2007) (modified).

8. **Tasers Are Acceptable Police Tools**
   *Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004)(taser on belligerent and uncooperative individual is constitutionally permitted); *Hinton v. City of Elwood*, Kan., 997 F.2d 774, 781-782 (10th Cir. 1993) (stun gun on resisting individual is not unconstitutional); *Russo v. Cincinnati*, 953 F.2d 1036, 1044-45 (6th Cir. 1992)(officers entitled to qualified immunity for use of taser).

9. **Legality of Police Actions**
   *Illinois v. Wardlow*, 528 U.S. 119, 123-26 (2000); *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); O.R.S. 162.247; O.R.S. 133.235.

10. **Resisting Arrest**
    Oregon Uniform Criminal Jury Instruction No. 1227 (modified); O.R.S. 133.310; O.R.S. 161.260; O.R.S. 162.315

11. **Use of Force During Arrest 42 U.S.C. § 1983**
    *Graham v. Connor*, 490 U.S. 386, 396 (1989); *United States v. Hensley*, 469 U.S. 221, 235 (1985); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.), cert. denied, 515 U.S. 1159 (1994); *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995).

Page - 2 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

12. **Hindsight**
    *Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 116 L.E.2d 589 (1991); *Graham v. Connor*, 490 U.S. 386, 396 (1989); *State v. Bates*, 304 Or. 519, 524-25, 747 P.2d 991 (1987).

13. **Intervening Cause**
    *Conn v. City of Reno*, 572 F.3d 1047, 1061 (9th Cir. 2009), *quoting White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990), quoting Restatement (Second) of Torts §§ 440-53 (1965).

14. **Lack of Justification**
    *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); ORS 161.205(5), 161.209; *State v. Wright,* 310 Or at 435-436.

15. **Nominal Damages**
    Ninth Circuit Civil Jury Instruction No. 5.6 (2007).

Page - 3 DEFENDANTS' GRANT ZAITZ AND
JEFFREY GOODMAN'S REQUESTED JURY
INSTRUCTIONS

**HOFFMAN, HART & WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 1

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;

2. The witness' memory;

3. The witness' manner while testifying;

4. The witness' interest in the outcome of the case and any bias or prejudice;

5. Whether other evidence contradicted the witness' testimony;

6. The reasonableness of the witness' testimony in light of all the evidence; and

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

---

Ninth Circuit Civil Jury Instruction No. 1.11 (2007).

Page - 4 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

**HOFFMAN, HART & WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 2

### Burden of Poof—Preponderance of the Evidence

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Ninth Circuit Civil Jury Instruction No. 1.3 (modified) (2007).

Page - 5 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 3

### Burden of Proof - Preponderance of the Evidence

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

---

Ninth Circuit Model Civil Jury Instructions, No. 5.1 (2007).

Page - 6 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 4

## 42 U.S.C. § 1983

Mr. Pierce's claims are made under the provisions of a federal civil rights statute, Section 1983, Title 42, United States Code, which provides that:

> "Every person who under color of [law]. . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress."

---

Ninth Circuit Model Civil Jury Instructions, No. 9.1 (modified); 42 U.S.C. § 1983 (modified).

Page - 7 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 5

### Section 1983 Claim Against Defendants Goodman and Zaitz in Individual Capacity—Elements and Burden of Proof

In order to prevail on his § 1983 claim against the defendants Goodman and Zaitz, Mr. Pierce must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived Mr. Pierce of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants Goodman and Zaitz acted under color of law.

If you find Mr. Pierce has proved each of these elements, and if you find that Mr. Pierce has proved all the elements he is required to prove under Instruction 7, your verdict should be for Mr. Pierce. If, on the other hand, Mr. Pierce has failed to prove any one or more of these elements, your verdict should be for the defendant.

---

Ninth Circuit Civil Jury Instruction No. 9.2 (2007).

Page - 8 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 6

### Section 1983 Claim Against Supervisory Defendant in
### Individual Capacity—Elements and Burden of Proof

In order to prevail on his § 1983 claim against Goodman, Mr. Pierce must prove each of the following elements by a preponderance of the evidence:

1.    defendant Goodman acted under color of law;

2.    the acts of defendant Zaitz in applying the taser deprived Mr. Pierce of his particular rights under the United States Constitution as explained in later instructions; and

3.    Goodman's direction to Zaitz to apply the taser deprived Mr. Pierce of these rights.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that defendant Goodman acted under color of law.

If you find Mr. Pierce has proved each of these elements, and if you find that Mr. Pierce has proved all the elements he is required to prove under Instruction 7, your verdict should be for Mr. Pierce.  If, on the other hand, Mr. Pierce has failed to prove any one or more of these elements, your verdict should be for the defendant.

---

Ninth Circuit Civil Jury Instruction No. 9.3 (2007) (modified).

Page - 9 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 7

### Excessive (Deadly and Nondeadly) Force

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, stop and/or in defending himself and others. Thus, in order to prove an unreasonable seizure in this case, Mr. Pierce must prove by a preponderance of the evidence that the officers Goodman and Zaitz used excessive force when:

1) Officer Zaitz attempted to effect a takedown of Mr. Pierce and

2) Defendant Goodman ordered Zaitz to use a taser.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

---

Ninth Circuit Civil Jury Instruction No. 9.22 (2007) (modified).

Page - 10 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 8

### Tasers Are Acceptable Police Tools

The use of a taser is an acceptable device for use by a police officer so long as the officer's conduct satisfied the requirements of the Fourth Amendment as explained to you in these instructions.

---

*Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004)(taser on belligerent and uncooperative individual is constitutionally permitted); *Hinton v. City of Elwood*, Kan., 997 F.2d 774, 781-782 (10th Cir. 1993) (stun gun on resisting individual is not unconstitutional); *Russo v. Cincinnati*, 953 F.2d 1036, 1044-45 (6th Cir. 1992)(officers entitled to qualified immunity for use of taser).

Page - 11 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 9

### Legality of Police Actions

I instruct you that the officers had the right to attempt to stop and detain Mr. Pierce based on the reports of domestic violence at his home. Once the officers learned of the events at his home, the officers had probable cause to arrest Mr. Pierce and take him into custody. It was unlawful for Mr. Pierce to resist arrest or attempt to flee.

At the time Officer Zaitz attempted to take down Mr. Pierce, he had probable cause to arrest him for Harassment and Interfering with a Peace Officer. As Officer Zaitz had such probable cause, and was also confronted with Mr. Pierce's noncompliance, he was entitled to use force to effectuate the arrest.

The only question for your consideration is whether the officers used more force than was reasonably necessary under the circumstances.

---

*Illinois v. Wardlow*, 528 U.S. 119, 123-26 (2000); *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); O.R.S. 162.247; O.R.S. 133.235.

Page - 12 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 10**

**Resisting Arrest**

If a person physically resists a police officer, the officer is authorized to use the amount of force he or she believes is reasonably necessary to overcome the resistance. Under Oregon law, a person commits the crime of resisting arrest if the person intentionally resists a person known to be a police officer in making an arrest. A person cannot use physical force to resist an arrest by a police officer, even if the arrest is unlawful.

Resisting is defined as:

> the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in physical injury to the arresting officer. Passive resistance does not constitute behavior intended to prevent being taken into custody.

---

Oregon Uniform Criminal Jury Instruction No. 1227 (modified); O.R.S. 133.310; O.R.S. 161.260; O.R.S. 162.315.

Page - 13 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile:  (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 11

### Use of Force During Arrest
### 42 U.S.C. § 1983

The right to make an arrest carries with it the right to use some degree of physical coercion or threat thereof to affect it. Police officers are authorized to take such steps as are reasonably necessary to protect their personal safety and to maintain the status quo.

In evaluating the reasonableness of the conduct of Officers Zaitz and Goodman, bear in mind that police officers are not required to use the least amount or type of force possible. Whether an officer hypothetically could have used less painful, less injurious, or more effective force is simply not the issue.

---

*Graham v. Connor*, 490 U.S. 386, 396 (1989); *United States v. Hensley*, 469 U.S. 221, 235 (1985); *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir.), cert. denied, 515 U.S. 1159 (1994); *Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995).

Page - 14 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 12

### Hindsight

In determining whether Officers Goodman and Zaitz acted reasonably, you should consider the information, apparent or reasonably foreseeable at the time and place in question, and not in light of the resulting sequence of events or hindsight. In other words, you must determine whether or not the officers acted reasonably at the time the incident occurred, not whether a different interpretation of the event can be construed today.

It is not your function to uncharitably second-guess an officer's judgment. A police officer in the field frequently must make life-or-death decisions in a matter of seconds. There may be little or no time in which to weigh the magnitude of a potential safety risk against the intrusiveness of protective measures. An officer must be allowed considerable latitude to take safety precautions in such situations. Your inquiry therefore is limited to whether the precautions taken were reasonable under the circumstances as they reasonably appeared at the time the decision was made.

---

*Hunter v. Bryant*, 502 U.S. 224, 112 S.Ct. 534, 116 L.E.2d 589 (1991); *Graham v. Connor*, 490 U.S. 386, 396 (1989); *State v. Bates*, 304 Or. 519, 524-25, 747 P.2d 991 (1987).

Page - 15 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 13**

**Intervening Cause**

The conduct of Goodman and Zaitz is not the cause of Mr. Pierce's alleged injuries if another cause intervenes and supersedes their liability for the subsequent events. In other words, they are not responsible for any injuries caused by others, including the application of the taser by Officer Fletcher.

---

*Conn v. City of Reno*, 572 F.3d 1047, 1061 (9th Cir. 2009), *quoting White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990), quoting Restatement (Second) of Torts §§ 440-53 (1965).

Page - 16 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 14**

**Lack of Justification**

Mr. Pierce was convicted of Resisting Arrest and Assaulting a Police Officer. I instruct you that he cannot receive compensation for any injuries sustained during that course of resisting arrest. Because he was convicted of Resisting Arrest, none of the physical force used by Mr. Pierce against Officer Zaitz and Sergeant Goodman is justified.

---

*Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996); ORS 161.205(5), 161.209; *State v. Wright,* 310 Or at 435-436.

Page - 17 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

HOFFMAN, HART & WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

### Nominal Damages

The law which applies to this case authorizes an award of nominal damages. If you find for Mr. Pierce but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

---

Ninth Circuit Civil Jury Instruction No. 5.6 (2007).

Page - 18 DEFENDANTS' GRANT ZAITZ AND JEFFREY GOODMAN'S REQUESTED JURY INSTRUCTIONS

**HOFFMAN, HART & WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301