Robert A. Petersen, OSB #71133
Assistant City Attorney
*BPetersen@wvi.com*
*bpetersen@cityofsalem.net*
Kenneth S. Montoya, OSB #06446
Assistant City Attorney
*kmontoya@cityofsalem.net*
City of Salem Legal Department
555 Liberty Street SE, Room 205
Salem, OR  97301-3513
   Tel: (503) 588-6003
   Fax: (503) 361-2202
         Attorneys for Defendant City of Salem, and
         Willamette Valley Communications Center

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERIK PIERCE, | Case No. 06-CV-1715 KI |
| Plaintiff, | |
| v. | **DEFENDANTS CITY OF SALEM AND WILLAMETTE VALLEY COMMUNICATIONS CENTER'S REQUESTED JURY INSTRUCTIONS** |
| CITY OF SALEM, conducting business as WILLAMETTE VALLEY COMMUNICATIONS CENTER; MARION COUNTY; GRANT ZAITZ and JEFFREY GOODMAN, | |
| Defendants. | |

Defendants City of Salem and Willamette Valley Communications Center requests that the Court give the designated Oregon State Bar Uniform Civil Jury Instructions along with the attached Special Jury Instructions at the trial of the above-captioned matter.

DATED this 15th day of September, 2009.

>   */s/Kenneth S. Montoya*
>    Kenneth S. Montoya
>     OSB # 06446
>    Tel: (503) 588-6003
>    Of Attorneys for Defendant City of Salem

Page | 1 – **DEFENDANTS CITY OF SALEM AND WILLAMETTE VALLEY
           COMMUNICATIONS CENTER'S REQUESTED JURY INSTRUCTIONS**

## OREGON STATE BAR CIVIL JURY INSTRUCTIONS

UCJI No. 20.02         Common-law Negligence

UCIJ No. 20.03         Negligence Per Se – Modified to Fit the Facts

UCJI No. 21.02         Comparative Negligence – Modified to Fit the Facts

UCJI No. 23.01         Causation (Cause defined)

UCJI No. 70.01         Damages – Preliminary Instruction

UCJI No. 70.02         Damages – Non-economic

UCJI No. 70.03         Damages – Economic

UCJI No. 90.01         Verdict – Special

UCIJ No. 90.04         Verdict – Special Verdict – Comparative Negligence

## SPECIAL JURY INSTRUCTIONS

REQUESTED SPECIAL INSTRUCTIONS

1. REQUESTED SPECIAL INSTRUCTION NO. 1
    Comparative Negligence .................……………………………………….3

2. REQUESTED SPECIAL INSTRUCTION NO. 2
    Negligence Per Se……………………………………………………………4

## REQUESTED SPECIAL INSTRUCTION NO. 1

### (Comparative Negligence)

The plaintiff and the defendant have each alleged that the damage was caused by the other's negligence. If you find that both the defendant and the plaintiff were negligent in any respect alleged which was a substantial factor in causing the damage alleged, then you must compare the negligence of the plaintiff to the negligence of the defendant.

In making this comparison, you are to consider the relative unreasonableness of the parties' conduct and not the mere physical causes of any damage.

The comparison of fault must be expressed in terms of percentages that total 100%. If the plaintiff's negligence is more than 50%, then your verdict is for the defendant. On the other hand, if the plaintiff's negligence is 50% or less, then your verdict is for the plaintiff.

Do not reduce the amount of the plaintiff's damages, if any, as a result of your comparison. I will reduce the amount of your verdict by the percentage of the plaintiff's negligence, if any.

The second paragraph is derived from *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 6060-610, 642 P2d 624 (1982).

# REQUESTED SPECIAL INSTRUCTION NO. 2

## (Negligence Per Se)

The evidence is that plaintiff has been convicted of the crimes of assaulting a police officer under ORS 163.208 and resisting arrest under ORS 162.315. These statutes provide, in relevant part, that:

**ORS 163.208 Assaulting a Peace Officer**

A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer *** and while the other person is acting in the course of official duty.

**ORS 162.315 Resisting Arrest**

A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest.

A violation of these statutes constitutes negligence unless the plaintiff proves by a preponderance of the evidence that he was acting as a reasonably careful person in the circumstances.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **DEFENDANTS CITY OF SALEM AND WILLAMETTE VALLEY COMMUNICATIONS CENTER'S REQUESTED JURY INSTRUCTIONS** on the following parties by notice of electronic filing using the CM/ECF system.

Dennis Steinman
Kell, Alterman & Runstein, LLP
520 S.W. Yamhill, Suite 600
Portland, OR 97204

David D. Park
Elliott & Park
Abernethy House
0324 SW Abernethy Street
Portland, OR 97239-4356
  Of Attorney(s) for Plaintiff

Kirstin Lurtz
Marion County Legal Counsel
555 Court Street NE
P.O. Box 14500
Salem, OR 97309
  Of Attorney(s) for Defendant Marion County

Steven A. Kraemer
Hoffman Hart & Wagner, LLP
1000 SW Broadway
20th Floor
Portland, OR 97205
  Of Attorney(s) for Defendant Jeffrey Goodman and Grant Zaitz

Dated this 15th day of September, 2009

            <u>/s/Kenneth S. Montoya</u>
            Kenneth S. Montoya
            OSB # 06446
            Tel: (503) 588-6003
            Of Attorneys for Defendant City of Salem

G:\Group\legal1\LITIGATION\CURRENT LITIGATION CASES\Pierce\Pleadings\TRIAL SUBMISSIONS\REQUESTED JURY INSTRUCTIONS.doc