JANE ELLEN STONECIPHER, OSB #77362
Marion County Legal Counsel
jstonecipher@co.marion.or.us
KIRSTIN E. LURTZ, OSB #97077
Sr. Assistant Legal Counsel
kelurtz@co.marion.or.us
555 Court Street N.E.
P.O. Box 14500
Salem, OR 97301
Telephone: (503) 588-5220
Facsimile No.: (503) 373-4367
Attorneys for Defendant Marion County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERIK PIERCE, | Civil No. 06-CV-1715-KI |
| Plaintiff, | |
| v. | **DEFENDANT MARION COUNTY'S PROPOSED PRELIMINARY JURY INSTRUCTIONS** |
| CITY OF SALEM, conducting business as WILLAMETTE VALLEY COMMUNICATIONS CENTER, MARION COUNTY, GRANT ZAITZ, and JEFFREY GOODMAN, | |
| Defendants. | |

Defendant Marion County requests that the court give the following preliminary instructions to the jury just after the jury is sworn to familiarize the jury with the parties and claims involved in this matter.

By my signature below, I certify that the counsel for the parties attempted to negotiate in good faith a single set of preliminary jury instructions but were unable to come to an agreement.

Dated: October 12, 2009.

/s/ Kirstin E. Lurtz
Kirstin E. Lurtz, OSB #97077
Of Attorneys for Defendant Marion County

Marion County's Proposed Preliminary Jury Instructions

To help you follow the evidence and understand what issues you will be asked to decide, I will read you a short summary of the background facts to which all parties have stipulated. I will then summarize plaintiff's claims against each defendant and each defendant's response and defenses to the claim that plaintiff has brought against them.

The parties have stipulated to the following facts:

Mr. Pierce has been profoundly deaf since birth. His primary language is American Sign Language, or "ASL." Mr. Pierce's deafness fits the legal definition of a "disability" under federal and Oregon law.

Mr. Pierce has mental illness and substance abuse issues, which I will explain to you in more detail later.

On December 25, 2005, Mr. Pierce celebrated the Christmas holiday with his family at the Keizer, Oregon home of his aunt, Kim Simmons, and her domestic partner, Chris Betts. At approximately 7:00 p.m. that evening, Mr. Pierce left his aunt's house on foot after an argument with his sister, Tischa Guzman, taking with him the keys to his sister's car. Mr. Betts called Salem 9-1-1 to report that Mr. Pierce had been violent towards his sister and that he was concerned that Mr. Pierce might be on his way to use his sister's car without her permission. Mr. Betts told the Salem 9-1-1 operator that Mr. Pierce was hearing impaired and had mental issues. The Salem 9-1-1 Operator dispatched the Keizer Police to locate Mr. Pierce, but did not inform the police that Mr. Pierce was hearing impaired or that he had mental issues.

Keizer Police Officer Zaitz located Mr. Pierce and became involved in an altercation with him that was subsequently joined by Officer Goodman and other Keizer police officers. Officer Goodman was the supervising officer at the scene. During the altercation, a Taser was used on Mr. Pierce multiple times. Mr. Pierce was arrested on charges of resisting arrest, assaulting a police officer, harassment and Assault in the Third Degree. After receiving treatment at a hospital, Officer Goodman transported Mr. Pierce to the Marion County Jail and informed the receiving deputy sheriff that plaintiff was deaf.

Mr. Pierce was in custody at the Marion County Jail from 11:20 p.m. on December 25 until 7:35 p.m. on December 28. Marion County did not advise Mr. Pierce of his right to reasonable accommodations under the Americans with Disabilities Act. While in custody, Mr. Pierce did not ask for an ASL interpreter and one was not provided to him. Also, an ASL interpreter was not provided for Mr. Pierce during the release process, although his aunt had requested one on his

behalf. Mr. Pierce was twice placed in a restraint chair on December 26.

Mr. Pierce was later prosecuted and convicted for the crimes of resisting arrest and assaulting a public safety officer.

I will now summarize the contentions of the parties:

Mr. Pierce is suing the City of Salem for negligence. Mr. Pierce alleges that the City of Salem was negligent in failing to inform the Keizer police officers that Mr. Pierce was hearing impaired and had mental issues and that such negligence was a substantial factor in causing the altercation with the Keizer police in which he was injured.

The City of Salem admits that it was negligent in the manner alleged by Mr. Pierce, but alleges that Mr. Pierce was also negligent in resisting arrest, and that Mr. Pierce's injuries were due solely to his own negligence or, alternatively, that Mr. Pierce's injuries were due more to his own negligence, as a percentage of total negligence, than to the negligence of the City of Salem.

If you find that the defendant City of Salem's negligence equals or exceeds that of Mr. Pierce, Mr. Pierce is entitled recover damages for all injuries he sustained during the course of his arrest by the Keizer Police Department. If you find that Mr. Pierce's negligence exceeds the negligence of the City of Salem, Mr. Pierce is not entitled to recover damages from the City of Salem.

Therefore, as to defendant City of Salem, your job is:

First, to compare the negligence of the City of Salem to the negligence, if any, of Mr. Pierce; and

Second, if you find the City of Salem's negligence to be equal to or greater than Mr. Pierce's, to determine what damages will compensate Mr. Pierce for the injuries he sustained as a result of the City of Salem's negligence.

Mr. Pierce is suing Officers Zaitz and Goodman for using excessive force on him.

Mr. Pierce alleges that Officer Zaitz used excessive force when he initially attempted to restrain him.

Mr. Pierce alleges that Officers Goodman and Zaitz used excessive force on him by shocking him with Tasers after he had ceased resisting arrest and surrendered.

Officers Zaitz and Goodman allege that all force that they used on Mr. Pierce

was reasonable and not excessive and that all injuries which Mr. Pierce sustained were the result of his resisting arrest and fighting with the police.

Because Mr. Pierce was found guilty by a jury of resisting arrest and assaulting a public safety officer, you cannot award any damages against Officer Zaitz or Officer Goodman for injuries Mr. Pierce may have sustained while fighting with the police, because that conduct was unlawful.

Therefore, as to Officers Zaitz and Goodman, your job is:

First, to determine the period of time that Mr. Pierce resisted arrest, that is, to determine when his resistance began and when his resistance ended;

Second, to determine if either Officers Zaitz or Officer Goodman, or both used excessive force either before Mr. Pierce began resisting arrest or after he ceased resisting arrest; and

Third, if either or both defendants used excessive force before Mr. Pierce began resisting arrest or after Mr. Pierce ceased resisting arrest, you must determine what injuries and damages, if any, Mr. Pierce suffered during one or both of those periods of time.

Finally, Mr. Pierce is suing Marion County for disability discrimination.

Mr. Pierce alleges, in essence, that Marion County did not provide him with the same opportunity to communicate with jail personnel that was provided to hearing prisoners. Mr. Pierce alleges that Marion County intentionally failed to notify him of his right to reasonable accommodations under the Americans with Disabilities Act; refused to provide him with a means of communication that was equally effective to the means of communication provided to hearing prisoners; was denied a request made on his behalf that an interpreter be present to explain the conditions of his release and that these acts exposed and subjected him to inadequate medical care and unnecessary and inhumane classification, discipline, and treatment, all of which caused him physical discomfort and mental and emotional distress for which he seeks damages.

Marion County alleges that, in addition to ASL, Mr. Pierce communicates through lip reading, writing and reading notes, sounds, and commonly known gestures. Marion County also alleges that: 1) the Jail accommodated Mr. Pierce to assure that effective communication was established and maintained with him throughout his period of incarceration, including his release from custody, 2) Mr. Pierce was aware of his right to request an interpreter without being informed of that right due to his past experiences in prisons, mental health institutions and hospitals, 3) Mr. Pierce's behaviors, not his disability, determined his classification and treatment while incarcerated, 4) Mr. Pierce received timely and appropriate

medical care from Jail staff. Lastly, Marion County alleges that Mr. Pierce suffered no injuries for which he would be entitled to damages.

The damages, if any, that Mr. Pierce is entitled to recover from Marion County are separate and distinct from any damages that Mr. Pierce may have sustained during the course of his arrest by Officers Zaitz and Goodman. Mr. Pierce may not recover damages against Marion County for injuries that he sustained during the course of his arrest. Similarly, Mr. Pierce may not recover damages against the City of Salem or Officers Zaitz and Goodman for injuries, if any, he may have sustained as a result of discrimination during the period of his incarceration in the Marion County Jail.

Therefore, as to Marion County, your job is:

1. To determine whether Marion County intentionally discriminated against Mr. Pierce because of his deafness.

2. To determine whether Marion County's failure to provide Mr. Pierce with notice of his rights as a disabled person caused Mr. Pierce to be denied access to services that hearing prisoners received or to be treated more harshly than hearing prisoners.

3. To determine whether Marion County denied Mr. Pierce reasonable accommodation to provide effective communication at any point during his incarceration; and

4. If you determine that Marion County did discriminate against Mr. Pierce on account of his deafness in one or more of the ways just mentioned, then you must determine what injuries and damages, if any, Mr. Pierce suffered as a result of such discrimination.